IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROTHY'S, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| MIA SHOES, INC., DESIGNER BRANDS | ) | **JURY TRIAL DEMANDED** |
| INC. d/b/a DSW, STITCH FIX, INC., QVC, | ) | |
| INC., and CALERES, INC. d/b/a FAMOUS | ) | |
| FOOTWEAR, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Rothy's, Inc. ("Rothy's" or "Plaintiff"), by and through its undersigned counsel, brings this action against Defendants MIA Shoes, Inc. ("MIA"), Designer Brands Inc. d/b/a DSW ("DSW"), Stitch Fix, Inc. ("Stitch Fix"), QVC, Inc. ("QVC"), and Caleres, Inc. d/b/a Famous Footwear ("Famous Footwear") (collectively, "Defendants"), for patent infringement arising under the Patent Act, 35 U.S.C. §§ 1, *et seq*., and trade-dress infringement, false association, and unfair competition arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.*

## NATURE OF THE ACTION

1.      Rothy's (formerly known as CABH Holdings, LLC) was founded in San Francisco, California in 2012, as an innovative ladies' footwear company with a core message of environmental sustainability. Rothy's products are knitted from recycled material and, in the process, the company has repurposed over 179 million plastic bottles since its founding.

2.      Since its founding, Rothy's has become enormously popular, driven by its demanding quality standards and innovative designs. Indeed, Rothy's has what *Business Insider* describes as a "ravenous following" for its unique, novel, sustainable, comfortable, and stylish shoes. Melia Robinson, *The new status shoe is machine washable, made from recycled water*

*bottles, and costs $145 a pair,* BUSINESS INSIDER (May 2, 2018), https://www.businessinsider.com/rothys-shoes-are-stylish-comfortable-environmentally-friendly-2017-9.

3.    Rothy's creative achievements have resulted in broad intellectual property protection for its innovations, including design patents, trademarks, and trade dress protection.

4.    For example, Rothy's owns exclusive rights in the ornamental designs claimed in United States Design Patent Nos. D905,947 (the "'947 Patent"), D872,987 (the "'987 Patent"), D866,943 (the "'943 Patent"), D844,313 (the "'313 Patent"), D995,090 (the "'090 Patent"), D950,226 (the "'226 Patent"), D836,314 (the "'314 Patent"), D805,276 (the "'276 Patent"), D905,946 (the "'946 Patent"), and D995,091 (the "'091 Patent"), (collectively, the "Asserted Patents").

5.    As another example, Rothy's owns exclusive rights in the distinctive trade dress of its widely popular "The Point" and "The Flat" shoes (together, the "Asserted Trade Dresses"). Inset are representative images of ROTHY'S-brand products featuring the Asserted Trade Dresses:

Representative Image of
Rothy's "The Point" Trade Dress          Representative Image of
Rothy's "The Flat" Trade Dress



6.      Rothy's innovations (including its Asserted Patents and Asserted Trade Dresses) also have been the subject of frequent copying by those attempting to capitalize on its success by imitating Rothy's distinctive and protected product designs. One of those imitators is MIA.

7.      Instead of investing the time, labor, skill, and investments necessary to build a brand and consumer demand, MIA is attempting to create turn-key consumer demand for its products by free-riding off the valuable intellectual property rights that Rothy's has obtained through its significant investment in its products, the invention of designs protected by the Asserted Patents, and the widespread consumer recognition and goodwill enjoyed by the Asserted Trade Dresses.

8.      As alleged and shown in detail below, MIA blatantly copied Rothy's Asserted Patents to make, use, advertise, offer for sale, sell, and/or import into the United States shoes that one or more of the Defendants market and/or sell as the "Kerri," "Izzy," "Lissy," "Kaelynn," "Aubrie," and "Emme Ballet Flat" shoes (collectively, the "Accused Products").

9.      On information and belief, Stitch Fix markets and sells the Kerri shoe under the product name the "Izzy." Hereinafter, reference to the Kerri shoe likewise includes the Izzy shoe. Moreover, on information and belief, Stitch Fix markets and sells the Lissy shoe under the product name the "Kaelynn." Hereinafter, reference to the Lissy shoe likewise includes the Kaelynn shoe.

10.     In addition, MIA blatantly copied Rothy's Asserted Trade Dresses to make, use, advertise, offer for sale, sell, and/or import into the United States shoes that one or more of the Defendants market and/or sell as the Kerri, Lissy, and Aubrie shoes. The table below illustrates MIA's copying of Rothy's The Point shoe:

| Rothy's The Point Shoe | MIA Kerri Shoe |
|---|---|
|  | |

11.     Unsurprisingly, consumers have immediately associated MIA's infringing shoe designs with ROTHY'S-brand shoes covered by the Asserted Patents and featuring the Asserted Trade Dresses. On information and belief, consumers purchasing MIA infringing shoes from DSW, QVC, Stitch Fix, and Famous Footwear have provided reviews of the MIA shoes which show consumers immediately associate the MIA infringing shoes with Rothy's products. For example, below are examples of reviews, left by MIA purchasers on Famous Footwear's and DSW's websites, associating the "rothy-esqu," "knockoff," and "dupe" MIA Kerri shoe with ROTHY'S-brand shoes covered by certain of the Asserted Patents and featuring one or both of the Asserted Trade Dresses.

★★★★★
**Rothy's dupe**

BR5303

 This Rewards Member received    REWARDS BONUS POINTS
bonus points for this review.

2 months ago

These are the best Rothy's "The Point" dupes I could find. The only thing missing is the little blue accent on the heel, but to save over $100 I can deal with that! Bought the sand color on sale for $25. However, even full price is still a deal! Also surprised by nice memory foam insole... was expecting them to be rock hard. Great find!

🏷 **Pros - General** Stylish, Comfortable

❌ No, I do not recommend this product.

Helpful?  👍 (1)  👎 (0)        Report

*Women's Kerri Knit Ballet Flat,* FAMOUS FOOTWEAR,

https://www.famousfootwear.com/product/mia-womens-kerri-knit-ballet-flat-1055414/olive-30174 (last visited June 19, 2024).

★★★★★
**Rothy-esqu**

Dyanrn

9 months ago

I had a pair of Rothy's just like these and shrunk them in the dryer-wanted to get something similar and these fit the bill. Very comfortable, cute and a lot less $$$. Win.

✔ Yes, I recommend this product.

Helpful?  👍 (0)  👎 (0)        Report

★★★★☆

**Nice but too slippery for me**

Michelle

10 months ago

I love the style of this shoe - a pretty good knockoff of Rothy's. It was a little too tight in the toes for me - but otherwise the sizing was right. I needed up returning them because they had no traction on the bottom and that was a deal breaker for me.

✔ Yes, I recommend this product.

Helpful?  👍 (0)  👎 (0)    Report

---

★★★★★

**Comfy Dupe of Rothy's**

KurlyBreeze

11 months ago

Such comfortable shoes!! Easy on the feet for all day wear! Love these shoes so much I have 2 pairs!

✔ Yes, I recommend this product.

Helpful?  👍 (1)  👎 (0)    Report

*MIA Kerri Ballet Flat*, DSW, https://www.dsw.com/en/us/product/mia-kerri-ballet-flat/543592?activeColor=246 (last visited June 4, 2024).

12.     The examples shown above are not isolated instances.  For example, consumers have advertised MIA's infringing shoes as a "Rothy's Dupe" and described them as "knock offs of Rothy's."  *See NWT Rothys Dupe Mia Sand Kerri Ballet Flats Size 6.5 Nude*, Poshmark, https://poshmark.com/listing/NWT-Rothys-Dupe-MIA-Sand-Kerri-Ballet-Flats-Size-65-Nude-6465a293bd66cdadee6d824b (last visited June 2, 2024); *Alternatives to Rothy's flats*, r/Rothys Reddit, https://www.reddit.com/r/Rothys/comments/10wx48x/alternatives_to_rothys_flats/?rdt=56894 (last visited June 4, 2024).

13.     To prevent any likelihood of confusion from occurring at the initial-interest stage, the point of sale, and/or in the post-sale context, as well as to remedy the harm that Rothy's has suffered and will continue to suffer because of Defendants' infringing conduct, Rothy's seeks, among other things, permanent injunctive relief to stop Defendants from infringing Rothy's Asserted Patents and Asserted Trade Dresses.  Rothy's also seeks: (i) disgorgement of Defendants' profits attributable to their infringing activities and (ii) other damages, including, but not limited to, (a) Rothy's lost profits from Defendants' infringing activities and/or a reasonable royalty, (b) prejudgment interest, (c) costs and attorney's fees, and (d) all other relief the Court deems just and proper.

## **THE PARTIES**

14.     Rothy's is a corporation organized and existing under the laws of the State of Delaware with its principal place of business 901 Battery St., Third Floor, San Francisco, CA 94111.

15.     On information and belief, MIA is a corporation duly organized and existing under the laws of Delaware and maintains its principal place of business at 9985 NW 19th St., Miami, Florida 33172.

16.     On information and belief, DSW is a corporation duly organized and existing under the laws of Ohio and maintains its principal place of business at 810 DSW Dr., Columbus, Ohio 43219. On information and belief, DSW operates at least one retail store in Delaware in the Christiana Fashion Center located at 2600 Fashion Center Blvd., Newark, Delaware 19702.

17.     On information and belief, Stitch Fix is a corporation duly organized and existing under the laws of Delaware and maintains its principal place of business at 1 Montgomery St., Suite 1500, San Francisco, California 94104.

18.     On information and belief, QVC is a corporation duly organized and existing under the laws of Delaware and maintains its principal place of business at 1200 Wilson Dr., West Chester, Pennsylvania 19380.

19.     On information and belief, Famous Footwear is a corporation duly organized and existing under the laws of New York and maintains its principal place of business at 8300 Maryland Ave., Saint Louis, Missouri 65101. On information and belief, Famous Footwear operates four retail stores in Delaware in Wilmington, Newark, and Middletown, including a retail store in the Christiana Fashion Center located at 3100 Fashion Center Blvd Space 36B, Newark, Delaware 19702.

## JURISDICTION AND VENUE

20.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and trade-dress infringement and unfair competition arising under the trademark laws of the United States, 15 U.S.C. § 1125(a)(1)(A).  Accordingly, this Court has subject matter and original jurisdiction over these claims pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1338(a); and 15 U.S.C. § 1121(a).

21.     This Court has personal jurisdiction over Defendant MIA because MIA is incorporated in the State of Delaware. This Court also has personal jurisdiction over MIA because MIA regularly solicits and conducts business in this District and engages in other persistent courses of conduct in this District. On information and belief, MIA has committed and continues to commit acts of infringement, and places infringing products into the stream of commerce, with the knowledge or understanding that such products are sold in the State of Delaware. The acts of MIA have caused, and continue to cause, injury to Rothy's within this District.

22.     Venue is proper in this District as to MIA pursuant to 28 U.S.C. §§ 1391 and 1400 at least because MIA is incorporated in this District, and MIA has committed, and continues to commit, acts of infringement in this District, including but not limited to making, using, advertising, offering to sell, selling, and/or importing the products that infringe one or more of the Asserted Patents and Asserted Trade Dresses.

23.     This Court has personal jurisdiction over Defendant DSW because DSW regularly solicits and conducts business in this District and engages in other persistent courses of conduct in this District, including by operating a retail store in this District. On information and belief, DSW has committed and continues to commit acts of infringement, and places infringing products into the stream of commerce, with the knowledge or understanding that such products are sold in the State of Delaware. The acts of DSW have caused, and continue to cause, injury to Rothy's within this District.

24.     Venue is proper in this District as to DSW pursuant to 28 U.S.C. §§ 1391 and 1400 because DSW maintains a regular and established place of business in this District, and DSW has committed, and continues to commit, acts of infringement in this District, including but not limited to making, using, advertising, offering to sell, selling, and/or importing the products that infringe one or more of the Asserted Patents and Asserted Trade Dresses.

25.     This Court has personal jurisdiction over Defendant Stitch Fix because Stitch Fix is incorporated in the State of Delaware. This Court also has personal jurisdiction over Stitch Fix because Stitch Fix regularly solicits and conducts business in this District and engages in other persistent courses of conduct in this District. On information and belief, Stitch Fix has committed and continues to commit acts of infringement, and places infringing products into the stream of commerce, with the knowledge or understanding that such products are sold in the State of

Delaware. The acts of Stitch Fix have caused, and continue to cause, injury to Rothy's within this District.

26.    Venue is proper in this District as to Stitch Fix pursuant to 28 U.S.C. §§ 1391 and 1400 at least because Stitch Fix is incorporated in this District, and Stitch Fix has committed, and continues to commit, acts of infringement in this District, including but not limited to making, using, advertising, offering to sell, selling, and/or importing the products that infringe one or more of the Asserted Patents and Asserted Trade Dresses.

27.    This Court has personal jurisdiction over Defendant QVC because QVC is incorporated in the State of Delaware. This Court also has personal jurisdiction over QVC because QVC regularly solicits and conducts business in this District and engages in other persistent courses of conduct in this District. On information and belief, QVC has committed and continues to commit acts of infringement, and places infringing products into the stream of commerce, with the knowledge or understanding that such products are sold in the State of Delaware. The acts of QVC have caused, and continue to cause, injury to Rothy's within this District.

28.    Venue is proper in this District as to QVC pursuant to 28 U.S.C. §§ 1391 and 1400 at least because QVC is incorporated in this District, and QVC has committed, and continues to commit, acts of infringement in this District, including but not limited to making, using, advertising, offering to sell, selling, and/or importing the products that infringe one or more of the Asserted Patents and Asserted Trade Dresses.

29.    This Court has personal jurisdiction over Defendant Famous Footwear because Famous Footwear regularly solicits and conducts business in this District and engages in other persistent courses of conduct in this District, including by operating retail stores in this District. On information and belief, Famous Footwear has committed and continues to commit acts of

infringement, and places infringing products into the stream of commerce, with the knowledge or understanding that such products are sold in the State of Delaware. The acts of Famous Footwear have caused, and continue to cause, injury to Rothy's within this District.

30.    Venue is proper in this District as to Famous Footwear pursuant to 28 U.S.C. §§ 1391 and 1400 because Famous Footwear maintains a regular and established place of business in this District, and Famous Footwear has committed, and continues to commit, acts of infringement in this District, including but not limited to making, using, advertising, offering to sell, selling, and/or importing the products that infringe one or more of the Asserted Patents and Asserted Trade Dresses.

31.    Joinder of all Defendants in this action is appropriate under 35 U.S.C. § 299 because Defendants each make, offer for sale, or sell the same Accused Products that infringe Rothy's Asserted Patents. Upon information and belief, there will be questions of fact common to all Defendants based at least on the fact that the Accused Products are manufactured by Defendant MIA and sold by Defendants DSW, Stitch Fix, QVC, and Famous Footwear.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### A.  ROTHY'S AND ITS INNOVATIVE DESIGNS

32.    Rothy's was founded with a mission to turn single-use plastics into something both beautiful and useful, and environmental sustainability has been a central focus of Rothy's business from its inception. *See* https://rothys.com/sustainability. This focus on sustainability is not only important to Rothy's, but also to its customers. *See, e.g.*, Shannon Fitzgerald, *How Sustainable Startup Rothy's Found Success Turning Recycled Water Bottles into Fashionable Footwear*, FORTUNE (Sept. 15, 2019), https://fortune.com/2019/09/15/sustainable-startup-rothys-eco-chelsea-boot-footwear/ ("The aesthetic and the sustainability story are intertwined and

11

interdependent. The women who wear Rothy's enjoy the water bottle origin story of their shoe, that it telegraphs a message as innovative or responsible as you want, but they wouldn't wear them if they didn't love how they look.").

33.    To create ROTHY'S-brand shoes, recycled plastic is: (a) collected after consumer use, (b) sterilized, (c) melted into pellets, and (d) spun into soft fiber yarn suitable for knitting. The yarn is then knitted together using Rothy's novel "360 degree" 3-D knitting process. Amongst the purchasing public, ROTHY'S-brand shoes are instantly recognizable by their signature knit.

34.    The ROTHY'S brand has vastly devoted customers throughout the United States. For example, its Facebook page has over 270,000 followers; its Instagram handle has nearly half a *million* followers; and numerous fan groups on Facebook have been created and joined by tens of thousands of dedicated "super-fans," including, for example, Facebook groups named "Rothy's Addicts," "Rothy's Unicorn Collective," "Rothy's BST," and "Rothy's Buy/Sell/Trade and Chat." As another example, *Forbes* magazine noted the "[o]bsessive Rothy's customers [that] wait in line outside the company's miniature Fillmore Street store and join a private Facebook group for self-described Rothy's addicts with nearly 14,000 members." Amy Feldman, *Next Billion-Dollar Startups: Rothy's Makes This Year's 'It' Shoe. But Can It Keep Growing Amid A Flood Of Copy Cats—And A Founder's Departure?*, FORBES (July 16, 2019), https://www.forbes.com/sites/amyfeldman/2019/07/16/rothys-shoes/#247d028c79d5.

35.    In 2012, Rothy's began designing and developing its revolutionary, industry-changing footwear. Rothy's first shoe designs were two different shape variations of the style of shoe known as a "ballet flat," named "The Point" (having a pointed toe) and "The Flat" (having a rounded toe). These ballet flats were the first to showcase a design having the signature, knitted look that Rothy's is known for.

36.    On or about December 2015, Rothy's released its The Point and The Flat shoes after more than three and one-half years of research and development and at great expense to Rothy's. In 2024, Rothy's released an updated version of The Point shoe, which it sells under the name "The Point II." The Point II shoe creates the same overall commercial impression as Rothy's original The Point shoe:



Ellie Conley, *Rothy's Just Released an Updated Version of Its Best-Selling Pointed-Toe Flats — and They're Even Comfier*, YAHOO! SPORTS (Aug. 31, 2023), https://ca.sports.yahoo.com/style/rothys-the-point-2-160224042.html?guccounter=1.



The original Point in Camo versus the Point II in Emerald. Gabrielle Chase/Insider

Gabrielle Chase, *Rothy's Review: Here's What the Brand's Ultra-Popular Flats, Mary Janes,*
*Clogs, and Loafers are Like to Wear*, BUSINESS INSIDER (Apr. 12, 2024),
https://www.businessinsider.com/guides/style/rothys-flats-review.

37.    As industry media sources noted, "the update doesn't majorly alter the look or
material of The Point" and was carefully made "not to take away any of the features that made the
shoe so popular in the first place." Melissa Daniels, *Why Rothy's Is Reintroducing its Viral Hit*
*Shoe*, MODERNRETAIL (Aug. 30, 2023),  https://www.modernretail.co/marketing/why-rothys-is-
reintroducing-its-viral-hit-shoe/.

38.    ROTHY'S-brand The Point and The Point II shoe are referred to hereinafter as
"The Point."

### B.  ROTHY'S DESIGN PATENTS

39.    As referenced above, Rothy's protects its investments in its products by obtaining
design patents for them.

40.    By way of assignment, Rothy's is the owner of all rights, title and interest in and to
United States Patent No. D905,947 for an ornamental design entitled "Portion of a Shoe." The
'947 Patent, a copy of which is attached hereto as **Exhibit A**, was duly issued on December 29,
2020, by the United States Patent and Trademark Office. Such right, title, and interest includes,
without limitation, the right to sue and receive damages for all past, present, and future patent
infringement.

41.    By way of assignment, Rothy's is the owner of all rights, title and interest in and to
United States Patent No. D872,987 for an ornamental design entitled "Portion of a Shoe." The
'987 Patent, a copy of which is attached hereto as **Exhibit B**, was duly issued on January 21, 2020,

by the United States Patent and Trademark Office. Such right, title, and interest includes, without limitation, the right to sue and receive damages for all past, present, and future patent infringement.

42.     By way of assignment, Rothy's is the owner of all rights, title and interest in and to United States Patent No. D866,943 for an ornamental design entitled "Portion of a Shoe." The '943 Patent, a copy of which is attached hereto as **Exhibit C**, was duly issued on November 19, 2019, by the United States Patent and Trademark Office. Such right, title, and interest includes, without limitation, the right to sue and receive damages for all past, present, and future patent infringement.

43.     By way of assignment, Rothy's is the owner of all rights, title and interest in and to United States Patent No. D844,313 for an ornamental design entitled "Portion of a Shoe." The '313 Patent, a copy of which is attached hereto as **Exhibit D**, was duly issued on April 2, 2019, by the United States Patent and Trademark Office. Such right, title, and interest includes, without limitation, the right to sue and receive damages for all past, present, and future patent infringement.

44.     By way of assignment, Rothy's is the owner of all rights, title and interest in and to United States Patent No. D995,090 for an ornamental design entitled "Shoe." The '090 Patent, a copy of which is attached hereto as **Exhibit E**, was duly issued on August 15, 2023, by the United States Patent and Trademark Office. Such right, title, and interest includes, without limitation, the right to sue and receive damages for all past, present, and future patent infringement.

45.     By way of assignment, Rothy's is the owner of all rights, title and interest in and to United States Patent No. D950,226 for an ornamental design entitled "Portion of a Shoe." The '226 Patent, a copy of which is attached hereto as **Exhibit F**, was duly issued on May 3, 2022, by the United States Patent and Trademark Office. Such right, title, and interest includes, without limitation, the right to sue and receive damages for all past, present, and future patent infringement.

46.     By way of assignment, Rothy's is the owner of all rights, title and interest in and to United States Patent No. D836,314 for an ornamental design entitled "Portion of a Shoe." The '314 Patent, a copy of which is attached hereto as **Exhibit G**, was duly issued on December 25, 2018, by the United States Patent and Trademark Office. Such right, title, and interest includes, without limitation, the right to sue and receive damages for all past, present, and future patent infringement.

47.     By way of assignment, Rothy's is the owner of all rights, title and interest in and to United States Patent No. D805,276 for an ornamental design entitled "Shoe." The '276 Patent, a copy of which is attached hereto as **Exhibit H**, was duly issued on December 19, 2017, by the United States Patent and Trademark Office. Such right, title, and interest includes, without limitation, the right to sue and receive damages for all past, present, and future patent infringement.

48.     By way of assignment, Rothy's is the owner of all rights, title and interest in and to United States Patent No. D905,946 for an ornamental design entitled "Shoe." The '946 Patent, a copy of which is attached hereto as **Exhibit I**, was duly issued on December 29, 2020, by the United States Patent and Trademark Office. Such right, title, and interest includes, without limitation, the right to sue and receive damages for all past, present, and future patent infringement.

49.     By way of assignment, Rothy's is the owner of all rights, title and interest in and to United States Patent No. D995,091 for an ornamental design entitled "Shoe." The '091 Patent, a copy of which is attached hereto as **Exhibit J**, was duly issued on August 15, 2023, by the United States Patent and Trademark Office. Such right, title, and interest includes, without limitation, the right to sue and receive damages for all past, present, and future patent infringement.

50.     In accordance with 35 U.S.C. § 287(a), Rothy's virtually marks its footwear at www.rothys.com/pages/patents as of or shortly after the date of issuance of each patent. The

website address is located under the insole of the shoe. The insole is designed to be removable, and Rothy's directs its customers to remove the insole to wash the shoe. *See, e.g.*, "Washing Instructions," *The Point II*, Rᴏᴛʜʏ's, https://rothys.com/products/womens-pointed-toe-flat-cream-herringbone (last visited May 23, 2024).

### C. THE ROTHY'S-BRAND THE POINT AND THE FLAT TRADE DRESSES

51.    To identify Rothy's as the brand and source of The Point and The Flat shoes and to distinguish them from other shoes in the marketplace, Rothy's designed The Point and The Flat shoes to feature non-functional and distinctive elements, which, when combined, create the overall commercial impressions shown below:

Representative Image of
Rothy's "The Point" Trade Dress          Representative Image of
Rothy's "The Flat" Trade Dress



52.    As shown in the representative image below, the elements of The Point Trade

Dress are:



- Pointed toe flat;

- V-shaped vamp having three vertices;

- Knitted upper;

- Slim profile; and

- Sleek outsole.

53.    As shown in the representative image below, the elements of The Flat Trade Dress are:



- Rounded toe flat;

- V-shaped vamp having three vertices;

- Knitted upper;

- Slim profile; and

- Sleek outsole.

54.    As shown in the inset images below, the Asserted Trade Dresses maintain a consistent overall look and feel across colorways and models of ROTHY'S-brand The Point and The Flat shoes:



55.    The Asserted Trade Dresses are nonfunctional in their entirety, are visually distinctive, and are unique in the footwear industry.

56.    The use and purpose of ROTHY'S-brand The Point and The Flat shoes are to protect the wearer's foot. The Asserted Trade Dresses are not essential to this use or purpose of ROTHY'S-brand The Point and The Flat shoes.

57.    The Asserted Trade Dresses do not affect the cost or quality of ROTHY'S-brand The Point and The Flat shoes. For example, there are alternative designs for footwear available that are equally feasible and efficient, none of which necessitates copying or imitating the Asserted

Trade Dresses. Such alternative designs have been used by other manufacturers of footwear in order to avoid using a combination of the elements of the Asserted Trade Dresses that create an overall commercial impression that is the same, or a colorable imitation of, the overall commercial impression created by the Asserted Trade Dresses when featured on ROTHY'S-brand The Point and The Flat shoes.

58.    The Asserted Trade Dresses also do not provide any significant non-reputational advantages to Rothy's or utilitarian advantages to the consumer. Nor would the exclusive use of Rothy's unique combination and arrangement of the elements of the Asserted Trade Dress, as featured on ROTHY'S-brand The Point and The Flat shoes, put Defendants at a significant, non-reputation-related disadvantage.

59.    The Asserted Trade Dresses reflect a series of artistic, arbitrary design choices, which, when arranged in the unique way that Rothy's arranges them on ROTHY'S-brand The Point and The Flat shoes, creates an overall commercial impression that consumers recognize and associate with the ROTHY'S brand. This consumer recognition is not a coincidence.

60.    For nearly a decade, consumers have continuously received an extensive amount of exposure to ROTHY'S-brand The Point and The Flat shoes featuring the Asserted Trade Dresses.

61.    Consumers receive widespread exposure to ROTHY'S-brand The Point and The Flat shoes featuring the Asserted Trade Dresses due to Rothy's extensive advertising efforts.

62.    Over the past decade, Rothy's has extensively advertised and promoted ROTHY'S-brand The Point and The Flat shoes featuring the Asserted Trade Dresses to consumers throughout the United States. For example, in the Spring of 2023 alone, Rothy's spent over $2 million on a single advertising campaign built around its The Point and The Flat shoes featuring the Asserted Trade Dresses. As another example, Rothy's advertises its The Point and The Flat shoes featuring

the Asserted Trade Dresses nationally on well-known and widely viewed television channels such as ABC, AMC, CBS, CNN, Fox, NBC, and TNT. At this time, Rothy's television ads have had nearly 2 billion impressions (*i.e.*, exposures to the ads) in all 50 states, as measured by Nielsen. As another example, Rothy's advertises its The Point and The Flat shoes featuring the Asserted Trade Dresses in widely circulated publications, such as Vogue and Vanity Fair.

63. Rothy's also extensively advertises ROTHY'S-brand The Point and The Flat shoes featuring the Asserted Trade Dresses on social media. For example, in 2022 alone, Rothy's spent approximately $2.5 million on advertising its The Point and The Flat shoes featuring the Asserted Trade Dresses on social media. As another example, Rothy's encourages consumers to post images of ROTHY'S-brand The Point and The Flat shoes featuring the Asserted Trade Dresses with the hashtag "#rothysinthewild." To date, over 57,000 photos have been posted to Instagram using the hashtag "#rothysinthewild", and over 78,000 photos have been posted to Instagram using the hashtag "#rothy's." Below are exemplary Instagram posts from consumers that used the hashtags "#rothysinthewild" and "#rothys" while posting pictures to Instagram of ROTHY'S-brand The Point and The Flat shoes featuring the Asserted Trade Dresses:



64.    Consumers also receive widespread exposure to ROTHY's-brand The Point and

The Flat shoes featuring the Asserted Trade Dresses in a variety of national and global media

sources. For example, as early as August 2016, news outlets praised ROTHY'S-brand The Point

and The Flat shoes featuring the Asserted Trade Dresses as not only environmentally friendly, but

"also adorable." Lynn Yaeger, *The Most Environmentally Friendly Shoes on the Planet Also*

*Happen to Be the Cutest*, VOGUE (Aug. 17, 2016), https://www.vogue.com/article/rothys-shoes-

chic-recycled-eco-friendly-flats/amp. Vogue additionally reported that consumers recognize ROTHY'S-brand The Point and The Flat shoes featuring the Asserted Trade Dresses as "available in two silhouettes, whose names signify their best attributes—the Flat and the Point." *Id.*

65.    As another example, the *New York Times* reported that the "Rothy's ballet flats are elegant," which has led to "the shoes hav[ing] amassed a loyal global clientele, many of whom can't stop talking about them online and off." Tariro Mzezewa, *What if Your Environmentally Correct Shoes Were Also Cute?*, NEW YORK TIMES (June 6, 2017), https://www.nytimes.com/2017/06/06/fashion/rothys-recycled-plastic-bottle-shoes.html.    And those "obsessed with Rothy's" proclaim that "not only are these shoes adorable, they're also eco-friendly." Catherine DiBenedetto, *I Have Meghan Markle's Go-To Flats—And They Are the Most Comfortable Shoes I've Ever Owned*, HEALTH (Nov. 7, 2018), available at https://www.health.com/style/comfortable-flats-rothys.

66.    As a still further example, *Entertainment Tonight* recently featured ROTHY'S-brand The Point and The Flat shoes featuring the Asserted Trade Dresses and, in doing so, mentioned the numerous celebrities who wear them. Rebecca Rovenstine, *Save 25% on Rothy's Best-Selling Shoes, Including Meghan Markle's Ballet Flats*, ET (May 19, 2024), https://www.etonline.com/save-25-on-rothys-best-selling-shoes-including-meghan-markles-ballet-flats-204435?amp.

67.    In addition to the celebrities mentioned by *Entertainment Tonight*, celebrities, such as Paris Hilton, Katie Holmes, Mandy Moore, Meghan Markle, Isla Fisher, Lupita Nyong'o, Natalie Portman, Brooke Shields, Elizabeth Henstridge, Kristen Bell, Eva Longoria, Kerry Washington, and Reese Witherspoon, have also been seen and/or photographed wearing ROTHY'S-brand The Point and The Flat shoes featuring the Asserted Trade Dresses on major

social media platforms, such as Instagram, as well as in the press. Consumers also receive widespread exposure to ROTHY'S-brand The Point and The Flat shoes featuring the Asserted Trade Dresses in sales channels. For example, ROTHY'S-brand The Point and The Flat shoes featuring the Asserted Trade Dresses are sold throughout the United States, primarily direct-to-consumer by Rothy's itself via retail locations and on the Rothy's website for a retail price of $125 to $159 per pair. Sold out or difficult to find styles, sometimes referred to by consumers as "Rothy's Unicorns," are often resold by consumers on secondary markets, such as Poshmark and eBay, for more than the original retail price. ROTHY'S-brand The Point and The Flat shoes featuring the Asserted Trade Dresses also are sold to consumers through third-party retail outlets, such as Anthropologie, Nordstrom, and Amazon.com.

68.     As alleged above, Rothy's has invested significant resources in developing the Asserted Trade Dresses and advertising them to consumers throughout the United States for more than a decade. As a result of these extensive efforts, as well as consumers' exposure to ROTHY'S-brand The Point and The Flat shoes featuring the Asserted Trade Dresses in the media, ROTHY'S-brand The Point and The Flat Shoes featuring the Asserted Trade Dresses have enjoyed enormous sales success in the United States. For example, to date, Rothy's has sold hundreds of millions of dollars' worth of ROTHY'S-brand The Point and The Flat shoes featuring the Asserted Trade Dresses in the United States alone. As another example, to date, Rothy's has sold over 4 million pairs of ROTHY'S-brand The Point and The Flat shoes featuring the Asserted Trade Dresses in the United States alone.

69.     Based on the foregoing, when consumers see the Asserted Trade Dresses, they associate the products featuring the Asserted Trade Dresses with one source/brand: Rothy's.

70.     Unfortunately for Rothy's, third parties seek to trade off the widespread consumer recognition and goodwill enjoyed by Rothy's Asserted Trade Dress. To counteract such infringing acts, Rothy's polices the market and enforces its intellectual property, including by sending cease and desist letters and, when necessary, filing lawsuits against third parties. For example, in one such lawsuit, a Consent Decree was entered enjoining the accused party from manufacturing, marketing, and selling the accused shoe after December 31, 2019, acknowledging the validity of Rothy's Asserted Trade Dresses and certain of its design patents, and providing for the accused parties to redesign the accused shoe. *See Rothy's Inc. v. JKM Techs*., LLC, No. 3:18-CV-00067-MFU-JCH, D.I. 80 (Order) (W.D. Va. Sept. 18, 2018).

## KNOWLEDGE OF ROTHY'S ASSERTED PATENTS AND THE ASSERTED TRADE DRESSES

71.     As alleged above, third parties infringe Rothy's Asserted Patents and Asserted Trade Dresses. The Defendants in this lawsuit are examples of such infringers.

72.     On information and belief, MIA reviewed, researched, and copied the designs in Rothy's shoe products—including The Point and The Flat.

73.     On December 21, 2021, counsel for Rothy's sent a letter to MIA. In the letter, Rothy's identified its '313 Patent, '943 Patent, '987 Patent, and '947 Patent. Rothy's additionally identified its trade dress rights in The Point shoe and provided evidence of market recognition and secondary meaning of the Asserted Trade Dresses. The December 21, 2021 letter informed MIA that the Kerri shoe infringed the identified Rothy's patents and trade dress. The December 21, 2021 letter additionally provided side by side pictures of the Kerri shoe with the Rothy's The Point shoe and patented designs. The December 21, 2021 letter further requested that MIA permanently discontinue advertising and sale of the Kerri shoe, provide an accounting of the existing inventory

and sales of the Kerri shoe, provide the names of manufacturers and distributors of the Kerri shoe, and dispose of the remaining inventory of the Kerri shoe in an environmentally friendly manner.

74.    On December 29, 2021, counsel for MIA sent a letter in response to Rothy's December 21, 2021 letter, but did not agree to Rothy's demands.

75.    In or about September and October 2022, Rothy's sent cease and desist letters to several retailers of the Kerri shoe, detailing infringement of the '313 Patent, '943 Patent, '987 Patent, and '947 Patent, as well as Rothy's The Point Trade Dress.

76.    In or about September 2022, Rothy's sent a cease and desist letter to DSW concerning shoes that DSW was offering for sale that infringed Rothy's intellectual property. The letter identified the '313 Patent, '943 Patent, '987 Patent, and '947 Patent. The cease and desist letter additionally identified The Point Trade Dress.

77.    On November 23, 2022, counsel for DSW sent a letter in response to Rothy's September 2022 letter, but did not agree to Rothy's demands.

78.    In or about October 2022, Rothy's sent a cease and desist letter to Stitch Fix identifying the '313 Patent, '943 Patent, '987 Patent, and '947 Patent. The cease and desist letter additionally identified The Point Trade Dress. The cease and desist letter provided charts illustrating how Stitch Fix's Izzy shoe infringed the '313 Patent, '943 Patent, '987 Patent, and '947 Patent.

## THE KERRI SHOE INFRINGES CERTAIN OF THE ASSERTED PATENTS

79.    On information and belief, in or about November 2021, without Rothy's authorization, MIA began marketing, manufacturing, offering for sale, selling, and/or importing into the United States the Kerri shoe.

80.     On information and belief, MIA contracts with retailers to sell its shoes online and at brick and mortar locations. On information and belief, QVC, DSW, Stitch Fix, and Famous Footwear sell and offer for sale the Kerri shoe.

81.     The overall appearance of the claimed designs of certain of the Asserted Patents and the corresponding design of the Kerri shoe are substantially the same.

82.     An ordinary observer would perceive the overall appearance of the claimed designs of certain of the Asserted Patents and the corresponding design of the Kerri shoe to be substantially the same.

83.     The tables below illustrate examples of MIA's infringement by comparing figures from certain of the Asserted Patents with images of the Kerri shoe.



| U.S. D905,947 | The Kerri Shoe |
|---|---|



| U.S. D872,987 | The Kerri Shoe |
|---|---|



| U.S. D866,943 | The Kerri Shoe |
|---|---|



| U.S. D844,313 | The Kerri Shoe |
|---|---|



84.    On information and belief, MIA intended to and did copy the claimed designs of the above-depicted Asserted Patents by creating the same or similar overall impression as Rothy's designs.

85.    The Kerri shoe not only infringes certain of the Asserted Patents, but it is also offered in multiple colorways that are clear copies of colorways Rothy's has offered and/or currently offers for The Point shoe.

| Rothy's The Point Shoe | The Kerri Shoe |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

 

### **THE LISSY SHOE INFRINGES CERTAIN OF THE ASSERTED PATENTS**

86.     On information and belief, without Rothy's authorization, MIA has marketed, manufactured, offered for sale, sold, and/or imported into the United States the Lissy shoe.

87.     On information and belief, MIA contracts with retailers to sell its shoes online and at brick and mortar locations. On information and belief DSW, Stitch Fix, and QVC sell and offer for sale the Lissy shoe.

88.     The overall appearance of the claimed designs of certain of the Asserted Patents and the corresponding design of the Lissy shoe are substantially the same.

89.     An ordinary observer would perceive the overall appearance of the claimed designs of certain of the Asserted Patents and the corresponding design of the Lissy shoe to be substantially the same.

90.     The tables below illustrate examples of MIA's infringement by comparing figures from certain of the Asserted Patents with images of the Lissy Shoe:

| U.S. D866,943 | The Lissy Shoe |
|---|---|



91.    On information and belief, MIA intended to and did copy the claimed designs of the above depicted '943 Patent by creating the same or similar overall impression as Rothy's designs.

**THE AUBRIE SHOE INFRINGES CERTAIN OF THE ASSERTED PATENTS**

92.     On information and belief, without Rothy's authorization, MIA has marketed, manufactured, offered for sale, sold, and/or imported into the United States the Aubrie shoe.

93.     On information and belief, MIA contracts with downstream retailers to sell its shoes online. On information and belief Stitch Fix offers for sale and sells the Aubrie shoe.

94.     The overall appearance of the claimed designs of certain of the Asserted Patents and the corresponding design of the Aubrie shoe are substantially the same.

95.     An ordinary observer would perceive the overall appearance of the claimed designs of certain of the Asserted Patents and the corresponding design of the Aubrie shoe to be substantially the same.

96.     The tables below illustrate examples of MIA's infringement by comparing figures from certain of the Asserted Patents with images of the Aubrie Shoe.

| U.S. D995,090 | The Aubrie Shoe |
|---|---|





| U.S. D950,226 | The Aubrie Shoe |
|---|---|



| U.S. D836,314 | The Aubrie Shoe |
|---|---|



FIG. 1

FIG. 4

FIG. 6



| U.S. D805,276 | The Aubrie Shoe |
|---|---|

97.     On information and belief, MIA intended to and did copy the claimed designs of the above-depicted Asserted Patents by creating the same or similar overall impression as Rothy's designs.

98.     On information and belief, MIA also copied both the colorway and the heel stripe of Rothy's Orchid Heel Stripe flat when designing the Aubrie. The Aubrie shoe and the Orchid Heel Stripe both comprise similar colorways and include an alternating heel stripe pattern. The similarities between the Aubrie shoe and the Orchid Heel Stripe further demonstrate MIA's intentional copying of Rothy's designs. A side by side image of the Aubrie and Orchid Heel Stripe are found below:



| Rothy's Orchid Heel Stripe | The Aubrie Shoe |
|---|---|

## THE EMME BALLET FLAT SHOE INFRINGES CERTAIN OF THE ASSERTED PATENTS

99.    On information and belief, without Rothy's authorization, MIA has marketed, manufactured, offered for sale, and/or imported into the United States the Emme Ballet Flat shoe.

100.    On information and belief, MIA contracts with downstream retailers to sell its shoes online. On information and belief Stitch Fix offers for sale and sells the Emme Ballet Flat shoe.

101.    The overall appearance of the claimed designs of certain of the Asserted Patents and the corresponding design of the Emme Ballet Flat shoe are substantially the same.

102.    An ordinary observer would perceive the overall appearance of the claimed designs of certain of the Asserted Patents and the corresponding design of the Emme Ballet Flat shoe to be substantially the same.

103.    The tables below illustrate examples of MIA's infringement by comparing figures from the certain of the Asserted Patents with images of the Emme Ballet Flat shoe.

---

[1] *Rothy's Orchid Heel Stripe Flat [Retired] – Size 6*, POSHMARK, https://poshmark.com/listing/Rothys-Orchid-Heel-Stripe-Flat-Retired-Size-6-626ef6a4e97e48e399d03db3 (last visited July 8, 2024).

| U.S. D905,946 | The Emme Ballet Flat Shoe |
|---|---|



| U.S. D995,091 | The Emme Ballet Flat Shoe |
|---|---|





104.    On information and belief, MIA intended to and did copy the claimed designs of the above-depicted Asserted Patents by creating the same or similar overall impression as Rothy's designs.

105.    Rothy's has not granted a license or any other form of permission to MIA with respect to any of its design patents or other intellectual property.

**DEFENDANTS' INFRINGEMENT OF THE ASSERTED TRADE DRESSES**

106.    The Asserted Trade Dresses are commercially strong identifiers of and for the ROTHY'S brand for the same reasons that they have acquired distinctiveness/secondary meaning, as alleged above.

107.    On information and belief, MIA is trading off the Asserted Trade Dresses' commercial strength to sow confusion in the marketplace about the source, affiliation, approval, association, connection, endorsement, and/or sponsorship of the Kerri, Lissy, and Aubrie shoes. For example, inset below is a side-by-side comparison of the Kerri, Lissy, and Aubrie shoes, one or more of which, are advertised and sold by MIA, Stitch Fix, DSW, QVC, or Famous Footwear, and ROTHY'S-brand The Point and The Flat shoes featuring the Asserted Trade Dresses:

| Rothy's The Point Shoe Featuring The Point Trade Dress | Kerri Shoe (Advertised and Sold by MIA, Stitch Fix, DSW, QVC, Famous Footwear)[2] |
|---|---|



[2] Attached hereto as **Exhibit K** is a representative image of the Kerri shoe in one of the many colorways as sold by Mia Shoes. **Exhibit L** is a representative image of the Kerri shoe in one of the many colorways as sold by DSW. **Exhibit M** is a representative image of the Kerri/Izzy shoe in one of the many colorways as sold by Stitch Fix. **Exhibit N** is a representative image of the Kerri shoe in one of the many colorways as sold by QVC. **Exhibit O** is a representative image of the Kerri shoe in one of the many colorways as sold by Famous Footwear.

| Rothy's The Point Shoe Featuring The Point Trade Dress | Lissy Shoe (Advertised and Sold by MIA, Stitch Fix, DSW)[3] |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

[3] **Exhibit P** is a representative image of the Lissy shoe in one of the many colorways as sold by Mia Shoes. **Exhibit Q** is a representative image of the Lissy/Kaelynn shoe in one of the many colorways as sold by Stitch Fix. **Exhibit R** is a representative image of the Lissy shoe in one of the many colorways as sold by QVC. **Exhibit S** is a representative image of the Lissy shoe in one of the many colorways as sold by DSW.

| Rothy's The Flat Shoe Featuring The Flat Trade Dress | Aubrie Shoe (Advertised and Sold by MIA and Stitch Fix)[4] |
|---|---|



[4] **Exhibit T** is a representative image of the Aubrie shoe in one of the many colorways as sold by Stitch Fix.

108.    Despite the availability of non-infringing shoe designs, the design of the Kerri, Lissy, and Aubrie shoes that certain Defendants advertise, offer for sale, and/or sell create an overall commercial impression that is nearly identical to ROTHY'S-brand The Point and The Flat shoes featuring the Asserted Trade Dresses.

109.    The similarities between the parties' shoes do not end with their overall commercial impressions. On information and belief, Defendants advertise and sell at least one of the Kerri, Lissy, or Aubrie shoes to the same customers to which Rothy's markets its ROTHY'S-brand The Point and The Flat shoes featuring the Asserted Trade Dresses.

110.    The parties' overlapping customer bases encounter the Kerri, Lissy, and Aubrie shoes and ROTHY'S-brand The Point and The Flat shoes featuring the Asserted Trade Dresses in overlapping trade and advertising channels, namely, e-commerce sites such as eBay, Amazon.com, on social media, and the Internet.

111.    To the extent customers of the Kerri, Lissy, and Aubrie shoes encounter those shoes in different trade channels than ROTHY'S-brand The Point and The Flat shoes featuring the Asserted Trade Dresses, the low-price point of the Kerri, Lissy, and Aubrie shoes—*e.g.*, approximately $40-$50—is such that those customers exercise a low degree of purchasing care, which, on information and belief, increases the likelihood of confusion between the parties' shoes.

112.    Even if consumers are aware at the point of sale that Rothy's is not the source of MIA's infringing shoes, as illustrated above, the overall commercial impression of Defendants' infringing shoes creates a likelihood of consumers being confused at the initial-interest stage of their purchasing journey (*e.g.*, images of the parties' shoes shown in advertisements) and in the post-sale context (*e.g.*, when wearing Defendants' infringing shoes) about whether Rothy's is the source of Defendants' infringing shoes and/or has approved, and/or endorsed, and/or sponsored

them, and/or about whether Defendants' infringing shoes have some type of affiliation, association, and/or connection with Rothy's shoes featuring the Asserted Trade Dresses.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. D905,947
(Against All Defendants)

113.    Rothy's incorporates and re-alleges the allegations contained in the preceding Paragraphs of its Complaint above as though fully set forth below.

114.    Rothy's owns all rights, title, and interest in the '947 Patent.

115.    MIA, Stitch Fix, QVC, DSW, and Famous Footwear, without authorization from Rothy's, have made, used, offered for sale, sold, and/or imported into the United States, and continue to make, use, offer for sale, sell, and/or import into the United States the Kerri shoe, which embodies the design covered by the '947 Patent.

116.     By the foregoing acts, MIA, Stitch Fix, QVC, DSW, and Famous Footwear have infringed the '947 Patent literally or under the doctrine of equivalents in violation of 35 U.S.C. §§ 271, *et seq.*

117.    On information and belief, MIA, DSW, and Stitch Fix have had actual knowledge of the '947 Patent—at least since the 2021 correspondence sent from Rothy's to MIA and 2022 correspondence sent from Rothy's to DSW and Stitch Fix.

118.    On information and belief, MIA's, Stitch Fix's, QVC's, DSW's, and Famous Footwear's infringement has caused Rothy's to suffer damages, and as such, Rothy's is entitled to damages pursuant to 35 U.S.C. §§ 284 and 289.

119.    MIA's, DSW's, and Stitch Fix's infringement was and continues to be willful, deliberate, malicious, and in bad faith, making this an exceptional case. MIA, DSW, and Stitch Fix knew, or should have known, that continuing to make, use, offer to sell, sell, and/or import the

Kerri shoe into the United States directly infringes the '947 Patent. As a result, Rothy's is entitled to increased damages and attorney's fees pursuant to 35 U.S.C. §§ 284 and 285.

120.    On information and belief, MIA, Stitch Fix, QVC, DSW, and Famous Footwear have caused irreparable damage and harm to Rothy's by its acts of infringement as described above and will continue said acts of infringement unless enjoined by this Court under 35 U.S.C. § 283.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. D872,987
(Against All Defendants)

121.    Rothy's incorporates and re-alleges the allegations contained in the preceding Paragraphs of its Complaint above as though fully set forth below.

122.    Rothy's owns all rights, title, and interest in the '987 Patent.

123.    MIA, Stitch Fix, QVC, DSW, and Famous Footwear, without authorization from Rothy's, have made, used, offered for sale, sold, and/or imported into the United States, and continue to make, use, offer for sale, sell, and/or import into the United States the Kerri shoe, which embodies the design covered by the '987 Patent.

124.    By the foregoing acts, MIA, Stitch Fix, QVC, DSW, and Famous Footwear have infringed the '987 Patent literally or under the doctrine of equivalents in violation of 35 U.S.C. §§ 271, *et seq.*

125.    On information and belief, MIA, DSW, and Stitch Fix have had actual knowledge of the '987 Patent—at least since the 2021 correspondence sent from Rothy's to MIA and 2022 correspondence sent from Rothy's to DSW and Stitch Fix.

126.    On information and belief, MIA's, Stitch Fix's, QVC's, DSW's, and Famous Footwear's infringement has caused Rothy's to suffer damages, and as such, Rothy's is entitled to damages pursuant to 35 U.S.C. §§ 284 and 289.

127.    MIA's, DSW's, and Stitch Fix's infringement was and continues to be willful, deliberate, malicious, and in bad faith, making this an exceptional case. MIA, DSW, and Stitch Fix knew, or should have known, that continuing to make, use, offer to sell, sell, and/or import the Kerri shoe into the United States directly infringes the '987 Patent. As a result, Rothy's is entitled to increased damages and attorney's fees pursuant to 35 U.S.C. §§ 284 and 285.

128.    On information and belief, MIA, Stitch Fix, QVC, DSW, and Famous Footwear have caused irreparable damage and harm to Rothy's by its acts of infringement as described above and will continue said acts of infringement unless enjoined by this Court under 35 U.S.C. § 283.

### COUNT III
### INFRINGEMENT OF U.S. PATENT NO. D866,943
(Against All Defendants)

129.    Rothy's incorporates and re-alleges the allegations contained in the preceding Paragraphs of its Complaint above as though fully set forth below.

130.    Rothy's owns all rights, title, and interest in the '943 Patent.

131.    MIA, Stitch Fix, QVC, DSW, and Famous Footwear, without authorization from Rothy's, have made, used, offered for sale, sold, and/or imported into the United States, and continue to make, use, offer for sale, sell, and/or import into the United States the Kerri shoe, which embodies the design covered by the '943 Patent.

132.    MIA, Stitch Fix, QVC, and DSW without authorization from Rothy's, have made, used, offered for sale, sold, and/or imported into the United States, and continue to make, use, offer for sale, sell, and/or import into the United States the Lissy shoe, which embodies the design covered by the '943 Patent.

133.    By the foregoing acts, MIA, Stitch Fix, QVC, DSW, and Famous Footwear have infringed the '943 Patent literally or under the doctrine of equivalents in violation of 35 U.S.C. §§ 271, *et seq.*

134.    On information and belief, MIA, DSW, and Stitch Fix have had actual knowledge of the '943 Patent—at least since the 2021 correspondence sent from Rothy's to MIA and 2022 correspondence sent from Rothy's to DSW and Stitch Fix.

135.    On information and belief, MIA's, Stitch Fix's, QVC's, DSW's, and Famous Footwear's infringement has caused Rothy's to suffer damages, and as such, Rothy's is entitled to damages pursuant to 35 U.S.C. §§ 284 and 289.

136.    MIA's, DSW's, and Stitch Fix's infringement was and continues to be willful, deliberate, malicious, and in bad faith, making this an exceptional case. MIA, DSW, and Stitch Fix knew, or should have known, that continuing to make, use, offer to sell, sell, and/or import the Kerri and Lissy shoes into the United States directly infringes the '943 Patent. As a result, Rothy's is entitled to increased damages and attorney's fees pursuant to 35 U.S.C. §§ 284 and 285.

137.    On information and belief, MIA, Stitch Fix, QVC, DSW, and Famous Footwear have caused irreparable damage and harm to Rothy's by its acts of infringement as described above and will continue said acts of infringement unless enjoined by this Court under 35 U.S.C. § 283.

## COUNT IV
## INFRINGEMENT OF U.S. PATENT NO. D844,313
(Against All Defendants)

138.    Rothy's incorporates and re-alleges the allegations contained in the preceding Paragraphs of its Complaint above as though fully set forth below.

139.    Rothy's owns all rights, title, and interest in the '313 Patent.

140.    MIA, Stitch Fix, QVC, DSW, and Famous Footwear, without authorization from Rothy's, have made, used, offered for sale, sold, and/or imported into the United States, and continue to make, use, offer for sale, sell, and/or import into the United States the Kerri shoe, which embodies the design covered by the '313 Patent.

141.    By the foregoing acts, MIA, Stitch Fix, QVC, DSW, and Famous Footwear have infringed the '313 Patent literally or under the doctrine of equivalents in violation of 35 U.S.C. §§ 271, *et seq.*

142.    On information and belief, MIA, DSW, and Stitch Fix have had actual knowledge of the '313 Patent—at least since the 2021 correspondence sent from Rothy's to MIA and 2022 correspondence sent from Rothy's to DSW and Stitch Fix.

143.    On information and belief, MIA's, Stitch Fix's, QVC's, DSW's, and Famous Footwear's infringement has caused Rothy's to suffer damages, and as such, Rothy's is entitled to damages pursuant to 35 U.S.C. §§ 284 and 289.

144.    MIA's, DSW's, and Stitch Fix's infringement was and continues to be willful, deliberate, malicious, and in bad faith, making this an exceptional case. MIA, DSW, and Stitch Fix knew, or should have known, that continuing to make, use, offer to sell, sell, and/or import the Kerri shoe into the United States directly infringes the '313 Patent. As a result, Rothy's is entitled to increased damages and attorney's fees pursuant to 35 U.S.C. §§ 284 and 285.

145.    On information and belief, MIA, Stitch Fix, QVC, DSW, and Famous Footwear have caused irreparable damage and harm to Rothy's by its acts of infringement as described above and will continue said acts of infringement unless enjoined by this Court under 35 U.S.C. § 283.

## COUNT V
## INFRINGEMENT OF U.S. PATENT NO. D995,090
(Against MIA and Stitch Fix)

146.    Rothy's incorporates and re-alleges the allegations contained in the preceding Paragraphs of its Complaint above as though fully set forth below.

147.    Rothy's owns all rights, title, and interest in the '090 Patent.

148.    MIA and Stitch Fix without authorization from Rothy's, have made, used, offered for sale, sold, and/or imported into the United States, and continue to make, use, offer for sale,

sell, and/or import into the United States the Aubrie shoe, which embodies the design covered by the '090 Patent.

149.    By the foregoing acts, MIA and Stitch Fix have infringed the '090 Patent literally or under the doctrine of equivalents in violation of 35 U.S.C. §§ 271, *et seq.*

150.    On information and belief, MIA's and Stitch Fix's infringement has caused Rothy's to suffer damages, and as such, Rothy's is entitled to damages pursuant to 35 U.S.C. §§ 284 and 289.

151.    On information and belief, MIA and Stitch Fix have caused irreparable damage and harm to Rothy's by its acts of infringement as described above and will continue said acts of infringement unless enjoined by this Court under 35 U.S.C. § 283.

## COUNT VI
## INFRINGEMENT OF U.S. PATENT NO. D950,226
### (Against MIA and Stitch Fix)

152.    Rothy's incorporates and re-alleges the allegations contained in the preceding Paragraphs of its Complaint above as though fully set forth below.

153.    Rothy's owns all rights, title, and interest in the '226 Patent.

154.    MIA and Stitch Fix without authorization from Rothy's, have made, used, offered for sale, sold, and/or imported into the United States, and continue to make, use, offer for sale, sell, and/or import into the United States the Aubrie shoe, which embodies the design covered by the '226 Patent.

155.    By the foregoing acts, MIA and Stitch Fix infringed the '226 Patent literally or under the doctrine of equivalents in violation of 35 U.S.C. §§ 271, *et seq.*

156.    On information and belief, MIA's and Stitch Fix's infringement have caused Rothy's to suffer damages, and as such, Rothy's is entitled to damages pursuant to 35 U.S.C. §§ 284 and 289.

157.    On information and belief, MIA and Stitch Fix have caused irreparable damage and harm to Rothy's by its acts of infringement as described above and will continue said acts of infringement unless enjoined by this Court under 35 U.S.C. § 283.

**COUNT VII**
**INFRINGEMENT OF U.S. PATENT NO. D836,314**
(Against MIA and Stitch Fix)

158.    Rothy's incorporates and re-alleges the allegations contained in the preceding Paragraphs of its Complaint above as though fully set forth below.

159.    Rothy's owns all rights, title, and interest in the '314 Patent.

160.    MIA and Stitch Fix without authorization from Rothy's, have made, used, offered for sale, sold, and/or imported into the United States, and continue to make, use, offer for sale, sell, and/or import into the United States the Aubrie shoe, which embodies the design covered by the '314 Patent.

161.    By the foregoing acts, MIA and Stitch Fix have infringed the '314 Patent literally or under the doctrine of equivalents in violation of 35 U.S.C. §§ 271, *et seq.*

162.    On information and belief, MIA's and Stitch Fix's infringement has caused Rothy's to suffer damages, and as such, Rothy's is entitled to damages pursuant to 35 U.S.C. §§ 284 and 289.

163.    On information and belief, MIA and Stitch Fix caused irreparable damage and harm to Rothy's by its acts of infringement as described above and will continue said acts of infringement unless enjoined by this Court under 35 U.S.C. § 283.

**COUNT VIII**
**INFRINGEMENT OF U.S. PATENT NO. D805,276**
(Against MIA and Stitch Fix)

164.    Rothy's incorporates and re-alleges the allegations contained in the preceding Paragraphs of its Complaint above as though fully set forth below.

165.    Rothy's owns all rights, title, and interest in the '276 Patent.

166.    MIA and Stitch Fix without authorization from Rothy's, have made, used, offered for sale, sold, and/or imported into the United States, and continue to make, use, offer for sale, sell, and/or import into the United States the Aubrie shoe, which embodies the design covered by the '276 Patent.

167.    By the foregoing acts, MIA and Stitch Fix have infringed the '276 Patent literally or under the doctrine of equivalents in violation of 35 U.S.C. §§ 271, *et seq.*

168.    On information and belief, MIA's and Stitch Fix's infringement has caused Rothy's to suffer damages, and as such, Rothy's is entitled to damages pursuant to 35 U.S.C. §§ 284 and 289.

169.    On information and belief, MIA and Stitch Fix have caused irreparable damage and harm to Rothy's by its acts of infringement as described above and will continue said acts of infringement unless enjoined by this Court under 35 U.S.C. § 283.

## COUNT IX
## INFRINGEMENT OF U.S. PATENT NO. D905,946
(Against MIA and Stitch Fix)

170.    Rothy's incorporates and re-alleges the allegations contained in the preceding Paragraphs of its Complaint above as though fully set forth below.

171.    Rothy's owns all rights, title, and interest in the '946 Patent.

172.    MIA and Stitch Fix without authorization from Rothy's, have made, used, offered for sale, sold, and/or imported into the United States, and continue to make, use, offer for sale, sell, and/or import into the United States the Emme Ballet Flat shoe, which embodies the design covered by the '946 Patent.

173.    By the foregoing acts, MIA and Stitch Fix have infringed the '946 Patent literally or under the doctrine of equivalents in violation of 35 U.S.C. §§ 271, *et seq.*

174.    On information and belief, MIA's and Stitch Fix's infringement has caused Rothy's to suffer damages, and as such, Rothy's is entitled to damages pursuant to 35 U.S.C. §§ 284 and 289.

175.    On information and belief, MIA and Stitch Fix have caused irreparable damage and harm to Rothy's by its acts of infringement as described above and will continue said acts of infringement unless enjoined by this Court under 35 U.S.C. § 283.

## COUNT X
## INFRINGEMENT OF U.S. PATENT NO. D995,091
(Against MIA and Stitch Fix)

176.    Rothy's incorporates and re-alleges the allegations contained in the preceding Paragraphs of its Complaint above as though fully set forth below.

177.    Rothy's owns all rights, title, and interest in the '091 Patent.

178.    MIA and Stitch Fix without authorization from Rothy's, have made, used, offered for sale, sold, and/or imported into the United States, and continue to make, use, offer for sale, sell, and/or import into the United States the Emme Ballet Flat shoe, which embodies the design covered by the '091 Patent.

179.    By the foregoing acts, MIA and Stitch Fix has infringed the '091 Patent literally or under the doctrine of equivalents in violation of 35 U.S.C. §§ 271, *et seq.*

180.    On information and belief, MIA's and Stitch Fix's infringement has caused Rothy's to suffer damages, and as such, Rothy's is entitled to damages pursuant to 35 U.S.C. §§ 284 and 289.

181.    On information and belief, MIA and Stitch Fix have caused irreparable damage and harm to Rothy's by its acts of infringement as described above and will continue said acts of infringement unless enjoined by this Court under 35 U.S.C. § 283.

## COUNT XI
## INFRINGEMENT OF ROTHY'S THE POINT TRADE DRESS
(Against All Defendants)

182.    Rothy's incorporates and re-alleges the allegations contained in the preceding Paragraphs of its Complaint above as though fully set forth below.

183.    Rothy's is the owner of The Point Trade Dress.

184.    On information and belief, Rothy's used its The Point Trade Dress in United States commerce before any Defendant began advertising, offering for sale, and/or selling the infringing Kerri and Lissy shoes. Accordingly, Rothy's The Point Trade Dress has priority over any trade dress that any Defendant could articulate and/or prove ownership in.

185.    The Point Trade Dress is non-functional.

186.    The Point Trade Dress has acquired distinctiveness/secondary meaning of and/or for the ROTHY'S brand, including The Point shoe. Accordingly, The Point Trade Dress is valid and entitled to protection as such.

187.    As shown in the examples in **Exhibits K-O**, MIA, DSW, Stitch Fix, QVC, and Famous Footwear advertise and/or sell the Kerri shoe in United States commerce.

188.    As shown in the examples in **Exhibits P-S**, MIA, Stitch Fix, QVC, and DSW advertise and/or sell the Lissy shoe in United States commerce.

189.    The Kerri and Lissy shoes create a likelihood of confusion, deceit, and/or mistake about whether Rothy's is the source of the Kerri and Lissy shoes; whether Rothy's approves of, endorses, and/or sponsors the Kerri and Lissy shoes; and/or whether the Kerri and Lissy shoes have an affiliation or, association with, and/or a connection to, Rothy's, including, without limitation, ROTHY'S-brand The Point shoe featuring The Point Trade Dress.

190.     Based on the foregoing, and on information and belief, each Defendant's conduct complained-of herein constitutes trade-dress infringement and unfair competition in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

191.     On information and belief, each Defendant was aware of The Point Trade Dress at the time the Kerri and Lissy shoes were conceptualized, designed, manufactured, offered for sale, and/or sold. Accordingly, each Defendant's infringement as described above is deliberate, willful, and in bad faith, making this an exceptional case under 15 U.S.C. § 1117. As such Rothy's is entitled to an award of its actual damages, each Defendant's profits, enhanced and exemplary damages, including treble its actual damages, an award of costs, destruction of the Kerri and Lissy shoes, and, as this is an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

192.     Defendants' acts of infringement have caused both irreparable harm and monetary damage to Rothy's, and unless enjoined and restrained, will cause further irreparable harm, leaving Rothy's with no adequate remedy at law.

<u>**COUNT XII**</u>
<u>**INFRINGEMENT OF ROTHY'S THE FLAT TRADE DRESS**</u>
(Against MIA and Stitch Fix)

193.     Rothy's incorporates and re-alleges the allegations contained in the preceding Paragraphs of its Complaint above as though fully set forth below.

194.     Rothy's is the owner of The Flat Trade Dress.

195.     On information and belief, Rothy's used its The Flat Trade Dress in United States commerce before MIA and Stitch Fix began advertising, offering for sale, and/or selling the Aubrie shoe. Accordingly, Rothy's The Flat Trade Dress has priority over any trade dress that MIA or Stitch Fix could articulate and/or prove ownership in.

196.     The Flat Trade Dress is non-functional.

197.    The Flat Trade Dress has acquired distinctiveness/secondary meaning of and/or for ROTHY'S-brand, including The Flat shoe. Accordingly, the Flat Trade Dress is valid and entitled to protection as such.

198.    As shown in the examples in **Exhibit T**, MIA and Stitch Fix advertise and/or sell the Aubrie shoe in United States commerce.

199.    The Aubrie shoe creates a likelihood of confusion, deceit, and/or mistake about whether Rothy's is the source of the Aubrie shoe; whether Rothy's approves of, endorses, and/or sponsors the Aubrie shoe; and/or whether the Aubrie shoe has an affiliation or, association with, and/or a connection to, Rothy's, including, without limitation, ROTHY'S-brand The Flat shoe featuring The Flat Trade Dress.

200.    Based on the foregoing, and on information and belief, MIA and Stitch Fix's conduct complained-of herein constitutes trade-dress infringement and unfair competition in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

201.    On information and belief, MIA and Stitch Fix were aware of The Flat Trade Dress at the time the Aubrie shoe was conceptualized, designed, manufactured, offered for sale, and/or sold. Accordingly, MIA and Stitch Fix's infringement as described above is deliberate, willful, and in bad faith, making this an exceptional case under 15 U.S.C. § 1117. As such Rothy's is entitled to an award of its actual damages, MIA and Stitch Fix's profits, enhanced and exemplary damages, including treble its actual damages, an award of costs, destruction of the Aubrie shoe, and, as this is an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

202.    MIA and Stitch Fix's acts of infringement have caused both irreparable harm and monetary damage to Rothy's, and unless enjoined and restrained, will cause further irreparable harm, leaving Rothy's with no adequate remedy at law.

## PRAYER FOR JUDGEMENT AND RELIEF

WHEREFORE, Rothy's prays for a judgment against MIA, Stitch Fix, DSW, QVC, and Famous Footwear:

1.    A judgment and order that MIA has infringed the Asserted Patents by making, using, offering to sell, selling, and/or importing infringing shoes into the United States under 35 U.S.C. § 271;

2.    A judgment and order that Stitch Fix has infringed the Asserted Patents by making, using, offering to sell, selling, and/or importing infringing shoes into the United States under 35 U.S.C. § 271;

3.    A judgment and order that DSW has infringed the '947, '987, '943, and '313 Patents by making, using, offering to sell, selling, and/or importing infringing shoes into the United States under 35 U.S.C. § 271;

4.    A judgment and order that QVC has infringed the '947, '987, '943, and '313, Patents by making, using, offering to sell, selling, and/or importing infringing shoes into the United States under 35 U.S.C. § 271;

5.    A judgment and order that Famous Footwear has infringed the '947, '987, '943, and '313 Patents by making, using, offering to sell, selling, and/or importing infringing shoes into the United States under 35 U.S.C. § 271;

6.    A judgment and order that all Defendants have infringed The Point Trade Dress and that MIA and Stitch Fix have infringed The Flat Trade Dress in violation of 15 U.S.C. § 1125(a)(1)(A), and that such infringement was willful;

7.    A judgment and order that all Defendants have engaged in false association and unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A);

8.      A judgment and order permanently enjoining MIA and its affiliates, officers, agents, employees, attorneys, and all other persons acting in concert with MIA from infringing the Asserted Patents;

9.      A judgment and order permanently enjoining Stitch Fix and its affiliates, officers, agents, employees, attorneys, and all other persons acting in concert with Stitch Fix from infringing the Asserted Patents;

10.     A judgment and order permanently enjoining DSW and its affiliates, officers, agents, employees, attorneys, and all other persons acting in concert with DSW from infringing the '947, '987, '943, and '313 Patents;

11.     A judgment and order permanently enjoining QVC and its affiliates, officers, agents, employees, attorneys, and all other persons acting in concert with QVC from infringing the '947, '987, '943, and '313 Patents;

12.     A judgment and order permanently enjoining Famous Footwear and its affiliates, officers, agents, employees, attorneys, and all other persons acting in concert with Famous Footwear from infringing the '947, '987, '943, and '313 Patents;

13.     A judgment and order requiring Defendants to pay Rothy's damages adequate to compensate Rothy's for Defendants' infringement of the respective Asserted Patents pursuant to 35 U.S.C. § 284, or the total profit made by Defendants from their infringement of the Asserted Patents pursuant to 35 U.S.C. § 289;

14.     A judgment and order requiring MIA, DSW, and Stitch Fix to pay Rothy's increased damages up to three times the amount found or asserted pursuant to 35 U.S.C. § 284;

15.     A determination that this action is an exceptional case pursuant to 35 U.S.C. § 285; and an award of Rothy's attorneys' fees, costs, and expenses incurred in bringing and prosecuting this action;

16.     A judgment and order requiring the Defendants to pay damages suffered by Rothy's on account of the Defendants' infringement of The Point Trade Dress and MIA and Stitch Fix's infringement of The Flat Trade Dress, as well as disgorgement of the Defendants' profits, pursuant to 15 U.S.C. § 1117(a), and that those damages be trebled pursuant to 15 U.S.C. § 1117(b);

17.     A determination that this action is an exceptional case pursuant to 15 U.S.C. § 1117(a); and an award of Rothy's reasonable attorneys' fees in bringing and prosecuting this action;

18.     A judgment and order that the Defendants recycle any remaining inventory of the Kerri, Lissy, and Aubrie shoes as well as any and all advertising and promotional materials, displays, marketing materials, web pages, and all other data or things relating to the Kerri, Lissy, and Aubrie shoes in compliance with 15 U.S.C. § 1118;

19.     A judgment and order of a permanent injunction pursuant to 15 U.S.C. § 1116;

20.     A judgment and order requiring the Defendants to pay Rothy's supplemental damages or profits for any continuing post-verdict infringement up until entry of the final judgment, with an accounting, as needed;

21.     A judgment and order requiring the Defendants to pay Rothy's pre-judgment and post-judgment interest on any damages or profits awarded;

22.     Such other and further relief as the Court deems proper and just.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

OF COUNSEL:

*/s/ Jennifer Ying*

Steven D. Moore
KILPATRICK TOWNSEND & STOCKTON LLP
Two Embarcadero Center, Suite 1900
San Francisco, CA  94111
(415) 576-0200

Megan E. Bussey
Jonathan W. Thomas
KILPATRICK TOWNSEND & STOCKTON LLP
The Grace Building
1114 Avenue of the Americas
New York, NY  10036
(212) 775-8700

Andrea A. Anderson
KILPATRICK TOWNSEND & STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC  27101
(336) 607-7300

July 24, 2024

Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
jying@morrisnichols.com

*Attorneys for Plaintiff Rothy's, Inc.*